

June 14, 2004

Mr. John A. Wells
Executive Director
Texas Military Facilities Commission
2200 West 35th Street, Building 64
Austin, Texas 78703-1222

Opinion No. GA-0201

Re: Whether the Texas Military Facilities Commission may make a lump sum payment for accumulated sick leave to an individual whose state employment has been terminated (RQ-0149-GA)

Dear Mr. Wells:

You ask whether the Texas Military Facilities Commission (the "Commission") may make a lump sum payment for accumulated sick leave to an individual whose employment has been terminated.[1]

You indicate that the individual was terminated on February 28, 2003, at which time he had accrued approximately 351 hours of sick leave. *See* Request Letter, *supra* note 1, at 1. You suggest that two prior opinions of this office might permit the Commission to pay the employee for his accrued sick leave.[2]

In Attorney General Opinion MW-427, this office said that "an ill state employee subject to the General Appropriations Act for fiscal years 1978-1979 [who] is involuntarily terminated while on recommended extended sick leave for a bona fide illness that prevents him from performing his duty . . . is entitled to be paid for his accrued, unexhausted sick leave time or, should the duration of the illness not exceed the unexhausted time, for the portion applicable." Tex. Att'y Gen. Op. No. MW-427 (1982) at 2. Subsequently, in Attorney General Opinion JM-956, the attorney general concluded that "a state employee who has completed his final day of duty with an agency but who remains on the payroll to expend his accrued vacation time may use sick leave for his own bona fide illness or for the illness of a member of his immediate family." Tex. Att'y Gen. Op. No. JM-956

---

[1]*See* Letter from Mr. John A. Wells, Executive Director, Texas Military Facilities Commission, to Honorable Greg Abbott, Texas Attorney General (Dec. 17, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Letter from Mr. John A. Wells, Executive Director, Texas Military Facilities Commission, to Honorable Greg Abbott, Texas Attorney General (Jan. 7, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) (clarifying information in Request Letter).

(1988) at 5. These opinions, however, were issued at a time when most of the sick leave provisions applicable to state employees were included within the General Appropriations Act.[3] In 1993, those provisions were transferred to chapter 661 of the Government Code.[4]

Nothing in chapter 661 or elsewhere allows a living employee or former employee to be paid for accrued sick leave. Subchapter G of chapter 661 contains "general provisions for sick leave for state employees." TEX. GOV'T CODE ANN. §§ 661.201-.206 (Vernon Supp. 2004) (subchapter G). Section 661.202 describes general provisions and procedures relating to sick leave entitlement for state employees. *See id.* § 661.202. Section 661.204 permits an employee "who transfers directly from one state agency to another" to retain "the unused balance of the employee's accumulated sick leave." *Id.* § 661.204. Section 661.205 provides for restoration of a state employee's sick leave balance under particular circumstances. *See id.* § 661.205. Section 661.033 of subchapter B provides that "[w]hen a state employee dies, the state shall pay the employee's estate for the balance of the employee's: (1) vacation leave; and (2) sick leave." *Id.* § 661.033(a). Payment in such case is subject to limits set by the General Appropriations Act. *See id.* § 661.033(b). In any case, payment to the estate for a deceased employee's accrued sick leave is restricted to "one-half of the state employee's accumulated sick leave or 336 hours of sick leave, whichever is less." *Id.* § 661.033(c).

By contrast, subchapter C of chapter 661 provides that any state employee who has accrued six months of continuous state employment

> and who resigns, is dismissed, or otherwise separates from state employment by a state agency other than an institution of higher education is entitled to be paid for the accrued balance of the employee's vacation time as of the date of separation, if the individual is not reemployed by the state in a position under which the employee accrues vacation leave during the 30-day period immediately following the date of separation from state employment.

*Id.* § 661.062(a). Moreover, section 661.091 of subchapter D authorizes a lump sum payment for accrued vacation leave for an employee who retires. *See id.* § 661.091(a) (Vernon 1994). In our opinion, the express statutory authorization for payment of accrued vacation leave to a state employee whose employment is terminated, together with the absence of any such authorization for payment of accrued sick leave, indicates that the legislature does not intend for a living state employee who separates from employment to be paid for his or her accrued sick leave.

---

[3]*See* Tex. Att'y Gen. Op. Nos. JM-956 (1988) at 1-3 (citing General Appropriations Act, 70th Leg., 2d C.S., ch. 78, art. V, §§ 8a-c, 1987 Tex. Gen. Laws 253, 825-26), MW-427 (1982) at 1-2 (quoting General Appropriations Act, 65th Leg., R.S., ch. 872, art. V, § b, 1977 Tex. Gen. Laws 2699, 3146); *see also* Act of Apr. 30, 1969, 61st Leg., R.S., ch. 217, §§ 1-4, 1969 Tex. Gen. Laws 633, 634 (relating to payment of accumulated vacation and sick leave to estates) (amended 1991, 1993, 1999) (current version at TEX. GOV'T CODE ANN. § 661.033 (Vernon Supp. 2004)).

[4]*See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 1, secs. 661.001-.121, 1993 Tex. Gen. Laws 583, 711-17 ("nonsubstantive revision of statutes relating to . . . public officers and employees, and fiscal affairs").

In addition, section 661.151, which is included within subchapter F of chapter 161 of the Government Code, provides that "[t]he state auditor shall provide a uniform interpretation of this subchapter and subchapters G and Z." *Id.* § 661.151(a) (Vernon Supp. 2004). A recent letter from Tony Garrant, Acting State Classification Officer in the State Auditor's Office, declares that

> [a]fter reviewing the request and current law, we have determined that no authority presently exists for the Texas Military Facilities Commission to make a lump-sum payment for accumulated sick leave to an employee, whether or not he has been terminated. State law is clear that the only time that the state may pay for an employee's accumulated, but unused sick leave is by payment to the employee's estate upon his death.[5]

We conclude that the Texas Military Facilities Commission is not authorized to make a lump sum payment for accumulated sick leave to an individual whose state employment has been terminated.

---

[5]Letter from Tony Garrant, Acting State Classification Officer, State Auditor's Office, to Honorable Greg Abbott, Texas Attorney General (Jan. 26, 2004) (on file with Opinion Committee).

## S U M M A R Y

The Texas Military Facilities Commission is not authorized to make a lump sum payment for accumulated sick leave to an individual whose employment has been terminated.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee